## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHEN DISTRICT OF ALABAMA
## SOUTHERN DIVISION

| | |
|---|---|
| TWIN PINES COAL COMPANY, )<br>INC. and RGGS LAND & )<br>MINERALS, LTD., L.P., )<br>　　　　　　　　　　　　　　　　)<br>　　　Plaintiffs, )<br>　　　　　　　　　　　　　　　　)<br>vs. )<br>　　　　　　　　　　　　　　　　)<br>COLONIAL PIPELINE COMPANY, )<br>　　　　　　　　　　　　　　　　)<br>　　　Defendant. ) | Case No. 2:09-cv-1403-SLB |

## COLONIAL PIPELINE COMPANY'S MOTION TO STRIKE
## DECLARATION OF STEVEN R. INGLE

COMES NOW defendant Colonial Pipeline Company ("Colonial") and hereby moves to strike the Declaration of Steven R. Ingle (Doc. 38-2), submitted in support of Plaintiffs' Supplemental Submission in Response to Defendant's Opposition to Plaintiffs' Motion to Amend Complaint (Doc. 38), stating as follows:

1.　　The Declaration of Steven R. Ingle (Doc. 38-2) is due to be stricken because the affidavit contains inadmissible legal conclusions and relies upon documents that are not in evidence.

2.　　Mr. Ingle avers, "The blasting plan submitted by Twin Pines to the Alabama Surface Mining Commission in 2007 met all applicable regulations and was suitable to be applied to the entire Dry Creek Reserve." (Doc. 38-2, ¶ 2). This

1

statement sets forth a legal conclusion regarding the sufficiency of the blasting plan from a regulatory perspective and is inadmissible pursuant to Rules 403 and 701 of the Federal Rules of Evidence because the statement invades the province of the court and is not helpful to the jury.[1]

      3.     Furthermore, Mr. Ingle's inability to accurately testify to whether Twin Pine's blasting plan satisfies applicable regulations is reinforced by the Alabama Surface Mining Commission ("ASMC") Administrative Code, which provides in pertinent part as follows:

> All structures in the vicinity of the blasting area, . . . such as . . . **pipelines** and other utilities . . . shall be protected from damage by establishment of a maximum allowable limit on the ground vibration, submitted by the operator in the blasting plan and **approved by the Regulatory Authority**.

ALA ADMIN. CODE r. 880-X-10C-.34 (emphasis added).  ASMC employee Bill Kitchens affirms that, as of May 6, 2010, the required blasting plan has not been

---

[1] Rule 403 excludes relevant evidence when "its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence."  FED. R. EVID. 403.  Rule 701 limits lay witness opinion testimony to "those opinions or inferences which are (a) rationally based on the perception of the witness, (b) helpful to a clear understanding of the witness' testimony or the determination of a fact at issue, and (c) not based on scientific, technical, or other specialized knowledge within the scope of Rule 702."  FED. R. EVID. 701.  To the extent plaintiffs proffer Steven R. Ingle as an expert witness, the statement is equally inadmissible under Rule 702, which governs the admissibility of expert witness testimony.

submitted to or approved by the ASMC for the area on the north side of the pipelines. (Doc. 41-4, B. Kitchens Aff. ¶¶ 3-4).

4. Although Federal Rule of Evidence 704 abolishes the "ultimate issue" rule and provides that opinions are not inadmissible solely because they embrace an ultimate issue, the advisory committee's note clarifies:

> The abolition of the ultimate issue rule does not lower the bars so as to admit all opinions. Under Rules 701 and 702, opinions must be helpful to the trier of fact, and Rule 403 provides for exclusion of evidence which wastes time. These provisions afford ample assurances against the admission of opinions which would merely tell the jury what result to reach . . .. *They also stand ready to exclude opinions phrased in terms of inadequately explored legal criteria.*

FED. R. EVID. 704 advisory committee's note (emphasis added); *see also United States v. Scop*, 846 F.2d 135, 140 (2d Cir. 1988) (relying upon advisory committee's note to Rule 704 and holding that expert's opinions were inadmissible legal conclusions that invaded the province of the court and were not helpful to the jury).

5. "[C]ourts must remain vigilant against the admission of legal conclusions. . ..'' *United States v. Milton*, 555 F.2d 1198, 1203 (5th Cir. 1977)[2]. Testimony consisting of legal conclusions invades the province of the court and

---

[2] "[D]ecisions of the United States Court of Appeals for the Fifth Circuit . . . , as that court existed on September 30, 1981, handed down by that court prior to the close of business on that date, shall be binding as precedent in the Eleventh Circuit . . .." *Bonner v. City of Prichard*, 661 F.2d 1206, 1207 (11th Cir. 1981).

does not facilitate analysis of the relevant issues. *Brooks v. J.C. Penney Life Ins. Co.*, 231 F.Supp.2d 1136, 1141 n.5 (N.D. Ala. 2002) (holding affidavit inadmissible to the extent it contained legal conclusions). "The witness . . . cannot testify to the legal implications of conduct because the court must be the jury's only source of law." *United States v. Hunter*, No. 09-12815, 2010 WL 1544616 (11th Cir. Apr. 19, 2010); s*ee also Montgomery v. Aetna Cas. & Sur. Co.*, 898 F.2d 1537, 1541 (11th Cir. 1990) (holding that district court abused its discretion by allowing witness to testify to scope of insurer's duty under policy); *Nicholson v. McCabe*, No. CV-02-H-1107-S, 2003 WL 25676476 at *1 (N.D. Ala. July 18, 2003) (holding that expert could not testify to whether defendants violated certain regulations because "it contravenes the well-established legal principle that an expert may not testify as to a legal conclusion"). Because the Declaration of Steven R. Ingle contains an inadmissible legal conclusion in Paragraph 1, the affidavit should be stricken.

6. The affidavit also refers to (a) the blasting plan submitted by Twin Pines to the Alabama Surface Mining Commission and (b) permitting applications for the remainder of the Dry Creek Reserve. (Doc. 38-2, ¶¶ 2-4). Pursuant to Rule 56(e) of the Federal Rules of Civil Procedure, "If a paper or part of a paper is referred to in an affidavit, a sworn or certified copy must be attached to or served with the affidavit." FED. R. CIV. P. 56(e)(1). The various documents referenced in

Mr. Ingle's affidavit were not attached to or served with the declaration. Attachment of permitting applications for the remainder of the Dry Creek Reserve is likely an impossibility, as ASMC employee Derek Smith affirms that as of May 6, 2010, Twin Pines has not sought a permit (or a revision to its existing permit) to allow Twin Pines to mine additional seams.  (Doc. 41-1, D. Smith Aff. ¶¶ 6-7). Because these documents are not – and in at least one instance cannot be – attached, the affidavit is due to be stricken.

WHEREFORE, THE PREMISES CONSIDERED, Colonial respectfully requests that the Declaration of Steven R. Ingle (Doc. 38-2) be STRICKEN.

    /s/ Rebecca C. Eubanks
One of the Attorneys for Defendant
Colonial Pipeline Company

OF COUNSEL:

Alfred F. Smith, Jr.
BAINBRIDGE, MIMS, ROGERS & SMITH, LLP
The Luckie Building, Suite 415
600 Luckie Drive
P. O. Box 530886
Birmingham, AL 35253
Telephone:  (205) 879-1100
Facsimile:   (205) 879-4300
E-mail:       asmith@bainbridgemims.com
              reubanks@bainbridgemims.com


James L. Goyer, III
John Thomas A. Malatesta, III
John D. Bethay III
MAYNARD, COOPER & GALE, P.C.

1901 Sixth Avenue North
2400 Regions/Harbert Plaza
Birmingham, Alabama 35203
Telephone:   (205) 254-1034
Facsimile:   (205) 254-1999
E-mail:   jgoyer@maynardcooper.com
         jmalatesta@maynardcooper.com
         jbethay@maynardcooper.com

**CERTIFICATE OF SERVICE**

  I hereby certify that on February 12, 2010, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following, and I hereby certify that I have mailed by United States Postal Service the document to the non-CM/ECF participants:

  Edward R. Jackson
  JACKSON, FIKES, HOOD & BRAKEFIELD
  P.O. Box 748
  Jasper, Alabama 35502-0748

  Jane L. Calamusa
  ROSEN HARWOOD, P.A.
  Post Office Box 2727
  Tuscaloosa, Alabama 35403

  Jeff Friedman
  Lee Patterson
  FIREDMAN LEAK
  Post Office Box 43219
  Birmingham, Alabama 35243-3219

           /s/ Rebecca C. Eubanks
          Of Counsel