FILED
 2012 Jul-16  PM 04:31
U.S. DISTRICT COURT
    N.D. OF ALABAMA

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| TWIN PINES COAL COMPANY, INC.; RGGS LAND & MINERALS, LTD., }<br><br>Plaintiffs, }<br><br>v. }<br><br>COLONIAL PIPELINE COMPANY, }<br><br>Defendant. } | CASE NO. 2:09-cv-01403-SLB |

## MEMORANDUM OPINION

This case is currently before the court on the putative intervenors, Twin Pines, LLC and Twin Pines II, LLC's (collectively the "movants") Unopposed Motion to Intervene.  (Doc. 225.)  As discussed below, the Motion is due to be granted.

## I. BACKGROUND

This case arises out of a breach of contract action by plaintiffs Twin Pines Coal Company, Inc. ("TPCC") and RGGS Land & Materials, LTD., L.P. ("RGGS") against defendant Colonial Pipeline Company ("Colonial").  After undertaking significant discovery and filing cross-motions for summary judgment, the parties privately settled the case and have agreed to dismiss all claims with prejudice and establish a settlement fund. (*See* doc. 223.)  However, a dispute remains over the amount of attorneys' fees owed certain counsel for plaintiffs who have filed with the court a claim and statutory lien for said fees, (doc. 222), and a Motion for Court Ordered Award of Attorneys' Fees, (doc.

226). The dispute arises out of a separate agreement between TPCC and movant Twin Pines, LLC. Sometime prior to the parties settling this action, TPCC "sold substantially all of its assets to Twin Pines, LLC pursuant to an Asset Purchase Agreement" under which both TPCC and Twin Pines, LLC retained a one-half interest in the recovery from this case. (Doc. 225 ¶ 1.) According to Twin Pines, LLC and Twin Pines II, LLC, the settlement in this case includes recovery for certain "Future Claims," and that under the Asset Purchase Agreement any recovery from said claims "belongs to Twin Pines, LLC and Twin Pines II, LLC" and not TPCC. (*Id.* ¶ 2.) Because certain plaintiffs' attorneys now make claims against the fund for fees, Twin Pines, LLC and Twin Pines II, LLC move to intervene to protect their interests in the one-half recovery and "future claims" provided for under the Asset Purchase Agreement. (*Id.* ¶ 3.)

## II. DISCUSSION

Federal Rule of Civil Procedure 24(a)(2) provides for intervention as of right. The Eleventh Circuit construes the rule to include four requirements:

> "a party must establish that '(1) his application to intervene is timely; (2) he has an interest relating to the property or transaction which is the subject of the action; (3) he is so situated that disposition of the action, as a practical matter, may impede or impair his ability to protect that interest; and (4) his interest is represented inadequately by the existing parties to the suit.'"

*Fox v. Tyson Foods, Inc.*, 519 F.3d 1298, 1302-03 (11th Cir. 2008) (quoting *Chiles v. Thornburgh*, 865 F.2d 1197, 1213 (11th Cir.1989)). Although the movants' Motion is unopposed, Rule 24(a) "continues to set bounds that must be observed." *Id.* at 1302

(internal quotations and citation omitted).  Thus, the court addresses each of the elements quoted above.

**Timeliness**

A motion to intervene must be timely– "a threshold factor that must be satisfied before the other factors should be considered." *Hollywood Cmty. Synagogue, Inc. v. City of Hollywood, FL*, 254 F. App'x 769, 771 (11th Cir. 2007) (per curiam) (citing *NAACP v. New York*, 413 U.S. 345, 365 (1973)).  The court takes into account the length of time between when the putative intervenor knew of his interest in the case and when his motion was filed, any prejudice to the existing parties for failure to timely move to intervene, the extent of prejudice to the putative intervenor if his motion is denied, and any other unusual circumstances weighing for or against a finding of timeliness.  *Id.* at 771 (internal quotations and citation omitted).

Although nothing in the record indicates when the fee dispute first arose, certain attorneys for plaintiffs filed their Claim for Attorneys' Fees and Statutory Lien on May 11, 2012.  (Doc. 222.)  The movants then filed their Motion to Intervene eleven days later on May 22, 2012.  (Doc. 225.)  The court finds this is a reasonable amount of time and that the existing parties endured no prejudice as a result of the filing date; and indeed, they have advanced no such argument.  As discussed below, it appears that the movants have a valid interest in the fee dispute and thus would be prejudiced if denied the right to intervene.  Lastly, the court finds no unusual circumstances to consider under the timeliness factor.  The Motion is timely.

**Interest Relating to the Property or Transaction**

The second requirement under Rule 24(a)(2) is that the movants show they have an interest relating to the property or transaction which is the subject of this action. *Fox*, 519 F.3d at 1303. It is well-settled in the Eleventh Circuit that such an interest must be "'direct, substantial and legally protectable.'" *Mt. Hawley Ins. Co. v. Sandy Lake Props., Inc.*, 425 F.3d 1308, 1311 (11th Cir. 2005) (per curiam) (quoting *Georgia v. U.S. Army Corps of Eng'rs*, 302 F.3d 1242, 1249 (11th Cir. 2002)). Further, a legally protectable interest "'is something more than an economic interest[,] . . . one which the *substantive* law recognizes as belonging to or being owned by the applicant' . . . [and] derive[d] from a legal right." *Id.* (quoting *United States v. S. Fla. Water Mgmt. Dist.*, 922 F.2d 704, 710 (11th Cir. 1991)).

The movants have a direct and legally protectable interest in the settlement fund established by the existing parties. TPCC, Twin Pines, LLC, and Twin Pines II, LLC are parties to the Asset Purchase Agreement as well as an Assignment and Assumption Agreement, which entitle movants to certain recovery from the settlement fund established to satisfy the various claims in this case. (Doc. 225 ¶ 2.) "'Property interests [such as] existing ... contracts that are threatened by the potential' results in a case qualify an applicant for intervention as a matter of right." *Danner Constr. Co. v. Hillsborough Cnty.*, 809-CV-650-T-17TBM, 2009 WL 2525486, at *4 (M.D. Fla. Aug. 17, 2009) (quoting *Sierra Club v. Espy*, 18 F.3d 1202, 1207 (5th Cir. 1994)); *see also S. Fla. Equitable Fund LLC v. City of Miami, Fla.*, No. 10-21032-CIV, 2010 WL 2925358, at *3

(S.D. Fla. 2010) ("Contract rights, such as rights conferred by settlement agreement, are legally protectable interests."); *In re HealthSouth Corp. Ins. Litig.*, 219 F.R.D. 688, 692 n.4 (N.D. Ala. 2004) (distinguishing arguments for and against intervention and citing favorably to a Third Circuit case, which found "intervenors had a legally protectable interest in a specific fund-the insurance proceeds that were deposited in the registry of the court pending resolution of the dispute" (citing *Mountain Top Condo. Assoc. v. Dave Stabbert Master Builder, Inc.*, 72 F.3d 361, 366 (3d Cir. 1995))).  The rights under those agreements are likely to be affected by the pending claim and statutory lien against the settlement fund in this case.  Thus, the court finds that movants have a legally protectable interest relating to the remaining issue in this case regarding the disputed attorneys' fees.

### Impairment of Ability to Protect the Interest

The third factor requires movants to show that the court's disposition of the disputed claims to the settlement fund may impede their ability to protect their interest in the fund.  *Fox*, 519 F.3d at 1303.  As mentioned above in the court's analysis of the second factor, the movants' interest in the settlement fund under their agreements with TPCC may necessarily be affected by a ruling on the remaining disputed claims in this case.  "Where a party seeking to intervene in an action claims an interest in the very property and very transaction that is the subject of the main action, the potential stare decisis effect may supply that practical disadvantage which warrants intervention as of right."  *Stone v. First Union Corp.*, 371 F.3d 1305, 1310 (11th Cir. 2004) (internal quotation and citations).  The court finds movants satisfy the third requirement under

Rule 24(a)(2).

### Inadequate Representation

Lastly, movants must show that their interests in the fee disputed are inadequately represented by the existing parties. *Fox*, 519 F.3d at 1303. "The 'requirement of the Rule is satisfied if the applicant shows that representation of his interest may be inadequate; and the burden of making that showing should be treated as minimal.'" *Clark v. Putnam Cnty.*, 168 F.3d 458, 461 (11th Cir. 1999) (quoting *Trbovich v. United Mine Workers*, 404 U.S. 528, 538 n.10 (1972)). As movants state in their Motion, no existing parties represent their interests in this case. (Doc. 225 ¶ 5.) Indeed, none of the parties currently before the court could represent movants' interest in the disputed claims to the settlement fund because movants' recovery is governed by the agreements they entered into with TPCC. Thus, movants satisfy their burden under the fourth requirement.

### III. CONCLUSION

Based on the foregoing and as directed by the court's Order entered contemporaneously herewith, movants' Motion to Intervene will be granted.

**DONE** this 16th day of July, 2012.

*/s/ Sharon Lovelace Blackburn*
SHARON LOVELACE BLACKBURN
CHIEF UNITED STATES DISTRICT JUDGE